UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

MARILYN POWELL, *pro se,* )
next friend of C.P., a minor, )
　) 
　Plaintiff, )
　)
v. ) No.: 3:09-CV-411
　) (VARLAN/SHIRLEY)
BLOUNT COUNTY JUVENILE COURT, et al., )
　)
　Defendants. )

## MEMORANDUM OPINION AND ORDER

This civil action is before the Court on defendant Blount County Juvenile Court's Motion to Dismiss [Doc. 10] in which defendant moves the Court to dismiss plaintiff's claims against it on grounds that it is not a "person" which can be sued under 42 U.S.C. § 1983 and the complaint [Doc. 2] fails to state a claim for which relief can be granted against defendants. Plaintiff, proceeding *pro se*, has responded in opposition [Doc. 13], asserting that defendant is a "suitable entity within the meaning of 42 U.S.C. § 1983[]" and is responsible for plaintiff's claims because "CP lost his liberty" due to defendant's "inadequacy." [*Id.*]. Defendant has not filed a reply and the time for doing so has passed. *See* E.D. TN L.R. 7.1(a), 7.2. The matter is ripe for determination.

As an initial matter, the Court notes that it is mindful that a complaint filed by a *pro se* plaintiff is to be liberally construed. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Pursuant to 42 U.S.C. § 1983, plaintiff brought this civil rights action against defendant, among others, including

judicial officers of defendant, alleging that her son, CP, was discriminated against by defendant because of his disability and because defendant did not recognize his disability or provide him with appropriate medical and mental health treatments and appropriate counseling [Doc. 2, pp. 3-4]. Plaintiff also alleges that defendant deprived CP of services he was legally entitled to and defendant and others deprived CP of his liberty and also acted impartially towards him [*Id.*].

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he or she was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994). However, defendant is not a legal entity amendable to suit under 42 U.S.C. § 1983 because it is not a "person" within the meaning of § 1983. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 688-90 (1978) (describing the meaning of "persons" under 42 U.S.C. § 1983); *Cage v. Kent County Corr. Facility (Jail)*, No. 96-1167, 1997 WL 225647, at *1 (6th Cir. May 1, 1997). Defendant is not a municipality or a part of a local government, but a name assigned to a part of the juvenile justice system in Blount County—the Blount County Juvenile Court. As such, is not a separate legal entity nor a "person" which can be sued under 42 U.S.C. § 1983. *See Shoemaker v. Greene County "Jail" Detention Center*, No. 2:07-CV-124, 2007 WL 2159295, at * 1 (E.D. Tenn. July 26, 2007) ("The Greene County 'Jail' Detention Center is a building and not a 'person' who can be sued under § 1983."); *Seals v. Grainger County Jail*, No. 3:04CV606, 2005 WL 1076326 (E.D. Tenn. May 6, 2005) ("The Grainger County

Jail . . . is not a suable entity within the meaning of § 1983."); *Bradford v. Gardner*, 578 F. Supp. 382, 383 (E.D. Tenn. 1984) ("[T]he Sheriff's department itself is not a suable entity under Section 1983[.]").

Accordingly, and for the reasons stated herein, the Court finds that defendant's Motion to Dismiss [Doc. 10] is well-taken and it is hereby **GRANTED** and the Blount County Juvenile Court is **DISMISSED** as a defendant from this case.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE