UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| MARILYN POWELL, next friend of C.P., a minor, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.: 3:09-CV-411 (VARLAN/SHIRLEY) |
| WILLIAM T. DENTON, individually and officially as Judge of the Blount County Juvenile Court, and SANDRA MYNATT, individually and officially as referee of the Blount County Juvenile Court, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This civil action is before the Court on the Motion to Dismiss for Failure to State a Claim [Doc. 8], filed by defendants William T. Denton, judge of the Juvenile Court for Blount County, Tennessee, in his individual and official capacity, and Sandra Mynatt, referee of the Juvenile Court for Blount County, Tennessee, in her individual and official capacity. Plaintiff, Marilyn Powell, has responded in opposition. The matter is ripe for determination. The Court has carefully reviewed the pending motion, the supporting memorandum, and plaintiff's response in light of the applicable law. For the reasons set forth herein, the motion to dismiss will be granted.

**I.     Relevant Facts**

As the Court is required to do on a motion to dismiss for failure to state a claim, brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court will construe the claims contained in the complaint [Doc. 2] in the light most favorable to plaintiff, accept all well-pleaded factual allegations as true, and determine whether plaintiff can prove no set of facts in support of her claims which would entitle her to relief.

Plaintiff alleges that her son, CP, a minor, has a disability. Defendant Sandra Mynatt ("defendant Mynatt") is a judicial referee with the Juvenile Court of Blount County.[1] Plaintiff alleges that defendant Mynatt determined, in a judicial proceeding, that CP was "dependent and neglected" and placed him in the custody of the Tennessee Department of Children Services. Plaintiff alleges that a short time later, defendant Mynatt put CP on probation. After an incident involving CP while he was on probation, plaintiff alleges that CP was brought before defendant William T. Denton, judge of the Juvenile Court for Blount County ("defendant Denton"). Plaintiff alleges that defendant Denton sentenced CP in a juvenile detention proceeding to two hundred and ten (210) days in juvenile detention.

Arising out of these incidents, plaintiff alleges that defendant Denton and defendant Mynatt, in connection with their actions and duties as judge and referee of the Juvenile Court, acted fraudulently and with bias and "personal feeling[s] instead of . . . professional

---

[1] Tennessee Code Annotated § 37-1-107(a) gives the judges of juvenile courts authority to "appoint one (1) or more suitable persons to act as magistrates at the pleasure of the judge." T.C.A. § 37-1-107(a). Also called "judicial referees," these magistrates "ha[ve] the same authority as the judge to issue any and all process. The magistrate in the conduct of the proceedings has the powers of a trial judge." *Id.* § 37-1-107(c).

2

duty." Plaintiff also alleges that CP was deprived of medical, mental health, and counseling services because of defendant Denton's judicial actions and that "Blount County Juvenile Justice Professionals" did not recognize CP's disability. Plaintiff also asserts that she was accused, by defendant Denton, of providing the court with a misleading letter in connection with the juvenile detention proceeding involving CP. Finally, plaintiff alleges that both defendant Denton and defendant Mynatt acted with bias in their actions as judge and referee and that both should have disqualified themselves from the juvenile detention proceedings involving CP. Plaintiff asserts that their failure to disqualify themselves constitutes a "violation of the Due Process Clause of the U.S. Constitution."[2]

Defendant Denton and defendant Mynatt brought this motion to dismiss for failure to state a claim in response to plaintiff's claims, asserting that plaintiff's claims against them involved actions taken in their judicial capacity for which they have absolute immunity. Plaintiff filed a short response in opposition, stating that the motion to dismiss is without merit and requesting that the Court permit more discovery so plaintiff may provide proof to state a claim.

---

[2] Plaintiff also sued Blount County Juvenile Court as a defendant in this action [*see* Doc. 2]. Blount County Juvenile Court brought its own motion to dismiss [Doc. 11] pursuant to Federal Rule of Civil Procedure 12(b)(6) because it was not a "person" amendable to suit under 42 U.S.C. § 1983. On April 5, 2010, the Court entered a Memorandum Opinion and Order [Doc. 14] granting the motion to dismiss [Doc. 11] and dismissing Blount County Juvenile Court from this action.

3

## II. Standard of Review

As an initial matter, the Court notes that it is mindful that a complaint filed by a *pro se* plaintiff is to be liberally construed. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, in a motion to dismiss for failure to state a claim, the Court must still consider the sufficiency of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Fed. R. Civ. P. 12(b)(6). The first step in testing the sufficiency of the complaint is to identify any conclusory allegations. *Ashcroft v. Iqbal*, — U.S. —, —, 129 S. Ct. 1937, 1950 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a plaintiff's obligation to provide the grounds of [his or her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Although the court must accept all well-pleaded factual allegations of a complaint as true for purposes of a motion to dismiss, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*

After assuming the veracity of all well-pleaded factual allegations, the second step is for the court to determine whether the complaint pleads "a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the

4

reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556).

**III. Analysis**

Although *pro se* pleadings are liberally construed, the Court is required to dismiss an action if the complaint fails to present "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. At 1974. Although the complaint is somewhat difficult to decipher, it seems clear that plaintiff's claims involve allegations of "due process" violations by defendant Denton and defendant Mynatt, based solely on their actions relating to their judicial duties as judge and judicial referee of the Juvenile Court for Blount County.

It is well-settled, with limited exceptions, that judges are immune from suit for money damages. *Mireles v. Waco*, 502 U.S. 9 (1991). Judicial immunity is available to judges presiding over courts of both general and limited jurisdiction. *King v. Love*, 766 F.2d 962, 966 (6th Cir. 1985). A plaintiff cannot sidestep a judicial officer's immunity by alleging bad faith, malice, corruption, bribery, or conspiracy. *See Mireles*, 502 U.S. at 11-12; *see also Eldridge v. Gibson*, 332 F.3d 1019, 1021 (6th Cir. 2003). Immunity is available even if a judge acts erroneously, corruptly, or in excess of his jurisdiction. *Mireles*, 502 U.S. at 11-12. Indeed,

> [I]mmunity is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, *i.e.,* actions not taken in the judge's judicial capacity. Second, a judge is not immune for action, though judicial in nature, taken in the complete absence of all jurisdiction.

5

*Mireles*, 502 U.S. at 11-12 (citations omitted). One who acts as the judge's designee, and who carries out a function for which the judge is immune, is likewise protected. *Johnson v. Turner*, 125 F.3d 324, 333-35 (6th Cir. 1997) (holding that judicial immunity extends to juvenile court judicial referees when they were acting within the scope of their statutory functions).

Although plaintiff has alleged that defendant Denton and defendant Mynatt engaged in fraud and acted with bias, such allegations do not transform their actions into "nonjudicial" actions, even if true. "[T]he relevant inquiry is the 'nature' and 'function' of the act, not the 'act itself'. In other words, we look to the particular act's relation to a general function normally performed by a judge . . . ." *Mireles*, 502 U.S. at 13 (citations and quotations omitted)). In the present case, the conduct of which plaintiff complains—fraud, acting with bias, refusing to disqualify themselves, and depriving CP of needed health care services—relate to "a general function normally performed by a judge" and judicial referee, regardless of the alleged motivation. *Id.* at 11-13.

Plaintiff is also not able to meet the second exception to judicial immunity. The Court simply cannot conclude that a juvenile court judge and a judge-appointed judicial referee for a juvenile court act "in the complete absence of all jurisdiction" by declaring a juvenile dependent or neglected and by placing him in juvenile detention. *See Mireles*, 502 U.S. at 11-12. Accordingly, defendant Denton and defendant Mynatt retain judicial immunity for their actions and conduct underlying the claims in plaintiff's complaint.

## IV. Conclusion

For the reasons set out above, the Motion to Dismiss for Failure to State a Claim [Doc. 8] will be **GRANTED** and defendant Denton and defendant Mynatt will be dismissed as parties to this civil action. Because defendant Denton and defendant Mynatt are the only remaining defendants in this action, this case will also be dismissed. Accordingly, the Clerk of Court is hereby **DIRECTED** to close this case. An appropriate order will be entered.

ORDER ACCORDINGLY.

                                               s/ Thomas A. Varlan
                                               UNITED STATES DISTRICT JUDGE